IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN JOSEPH BENYI,

    Petitioner,

v.                                                       No. CIV 14-0305 WJ/RHS

THE ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondent.

ORDER FOR AMENDED PETITION

    This matter is before the Court, *sua sponte* under rule 4 of the Rules Governing Section 2254 Cases, for preliminary consideration of Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. The petition and an enclosed affidavit (Doc. 2) are signed only by Petitioner's wife. The petition asks the Court to vacate and nullify convictions against Petitioner in both New York and New Mexico. The Court will require Petitioner to file an amended petition.

    However meritorious Petitioner's claims may be, his petition faces two preliminary hurdles. First, the absence of Petitioner's signature raises a two-part jurisdictional issue. A third party may file a habeas corpus application on behalf of a prisoner if the third party is sufficiently dedicated to interests of the incarcerated person and has a significant relationship with the prisoner, *Hamilton v. Texas*, 497 U.S. 1016, 1017 (1990); *Hays v. Murphy*, 663 F.2d 1004, 1008 (10th Cir. 1981); *and see Fleming ex rel. Clark v. LeMaster*, 28 F. App'x 797, 799 (10th Cir. 2001), and if the petition explains why the prisoner cannot prosecute his claims. *Demosthenes v. Baal*, 495 U.S. 731, 733 (1990); *Hays*, 663 F.2d 1008; *Fleming*, 28 F. App'x at 799. "First, a 'next friend' must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the 'next friend' must be truly dedicated to the best interests of the person on

whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Fleming ex rel. Clark v. LeMaster*, 28 F. App'x 797, 799 (10th Cir. 2001) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). Here, the petition is signed by Petitioner's wife, and the spousal relationship appears to meet the initial jurisdictional requirement. *See Hays*, 663 F.2d at 1008. The petition does not, however, provide a specific, detailed explanation why Petitioner is unable to prosecute his habeas corpus petition.

Furthermore, Petitioner asks the Court to vacate and nullify convictions against him in both New York and New Mexico. Under rule 2(e) of the Rules Governing Section 2254 Cases, "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Petitioner will be required to file a separate petition for each conviction that he intends to challenge. Failure to file an amended petition conforming to this Order may result in dismissal of this proceeding without further notice.

IT IS THEREFORE ORDERED that, within twenty-one (21) days from entry of this Order, Petitioner file an amended petition signed only by himself or an attorney; alternatively, Petitioner's wife may sign the amended petition on his behalf if the petition contains a specific, detailed, adequate explanation why Petitioner is unable to prosecute his habeas corpus petition;

IT IS FURTHER ORDERED that Petitioner file a separate petition for each conviction that he intends to challenge; and the Clerk is directed to send Petitioner two copies of a form § 2254 petition with a copy of this Order.

_____
UNITED STATES MAGISTRATE JUDGE