IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN JOSEPH BENYI,

    Petitioner,

v.                                                    No. CIV 14-0305 WJ/RHS

THE ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2241(d), for preliminary consideration of Petitioner's amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 9) and his affidavit in support thereof (Doc. 10) (together the "petition"). By order entered on April 18, 2014, the Court required Petitioner to file an amended petition signed only by himself or an attorney; alternatively, the Court allowed Petitioner's wife to sign the amended petition on his behalf, on condition that the amended petition contain a specific, detailed, adequate explanation why Petitioner is unable to prosecute his habeas corpus petition. Furthermore, the order required that a separate petition be filed for each of the convictions that Petitioner intends to challenge.

Petitioner is incarcerated in New Mexico, apparently for failure to register as a sex offender. The petition challenges Petitioner's 1988 conviction in New York for attempted rape.[1] Petitioner asserts four grounds for challenging the conviction and appears to allege that he has exhausted each of these claims in the New York state courts.

Because the petition attacks a New York criminal conviction, a court in New York would

---

[1] Although the amended petition only addresses the New York conviction, Petitioner's affidavit attached to the petition states that "I am trying to contest 2 convictions: one in New York State & one in New Mexico." The Court will address only the petition itself and will overlook this failure to comply with the requirement of a separate petition for each of Petitioner's convictions. *See* 28 U.S.C. § 2254 R. 2.

provide the more convenient forum for Petitioner's claims.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 499 n.15 (1973).   Furthermore, venue is improper in this District.  *Parette v. Lockhart*, 927 F.2d 366, 366-67 (8th Cir. 1991); *cf. United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1128 (2d Cir. 1974) (§ 2241(d) is not jurisdictional but specifies venue).   Petitioner's claims against his conviction must be prosecuted in the district where he was convicted.

Even though this proceeding could be transferred under § 2241(d), "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).  Here, Petitioner asserts that he was convicted of unindicted conduct and the conviction resulted from perjured testimony, ineffective assistance of counsel, and assaults instigated by the state during Petitioner's pretrial detention. These claims were raised and rejected on direct appeal in the New York courts.  The Court expresses no opinion as to the merits of these claims.   On the other hand, according to the petition, the last event in Petitioner's criminal proceedings occurred in 1997.   It thus appears that Petitioner's conviction became final at least seventeen years before he filed his federal petition. "[T]o avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed," *id.*, the Court will dismiss this petition without prejudice.

IT IS THEREFORE ORDERED that Petitioner's amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 9) is DISMISSED without prejudice to his right to assert his claims against the New York conviction in an appropriate forum; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE